UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
ELLIS MAUPIN,                             )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )   Civil Action No. 03-1156 (PLF)
                                          )
U.S. DEPARTMENT OF ENERGY,                )
                                          )
            Defendant.                    )
_____)


MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss for failure to state a claim and defendant's motion to dismiss for failure to prosecute or, in the alternative, to treat defendant's motion to dismiss for failure to state a claim as conceded. Upon consideration of defendant's motions to dismiss, and in the absence of any opposition from plaintiff, the Court concludes that defendant's motion to dismiss for failure to prosecute should be granted, defendant's motion for failure to state a claim should be denied as moot, and this case should be dismissed with prejudice.

This case was filed on May 30, 2003. Since that date, plaintiff's counsel, C. Sukari Hardnett, has not met a single original filing deadline. The following is a list of the deadlines that have come and gone since this suit was filed.

1.      When this case was filed, the National Treasury Employees Union ("NTEU") was named as a co-defendant with the Department of Energy ("DOE"). On July 25, 2003, defendant NTEU filed a motion to dismiss for lack of jurisdiction. According to Local Civil Rule ("LCvR") 7(b), "[w]ithin 11 days of the date of service or at such other time as the

court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion." Rule 6(e) of the Federal Rules of Civil Procedure adds three days to this deadline. The consequences of failing to meet this deadline can be severe: "If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded." Because defendant NTEU filed its motion to dismiss on July 25, 2003, plaintiff was required to respond by August 8, 2003. Barring a substantive response, plaintiff's counsel could have requested an enlargement of time so long as she did so "before the expiration of the period originally prescribed or as extended by a previous order." Fed. R. Civ. P. 6(b). Ms. Hardnett did not do so.

       Instead, on August 14, 2003, 6 days after the deadline to file an opposition or request an enlargement of time had passed, plaintiff's counsel submitted a motion for enlargement of time indicating first, that she had begun her computation of the deadline beginning with the day she says she received the mailed hard copy of the motion to dismiss, August 1, 2003. Second, she stated that she had calculated the 11 day deadline by excluding Saturdays, Sundays, or legal holidays, according to Rule 6(a) of the Federal Rules of Civil Procedure. Plaintiff's counsel therefore concluded that she had met her 11 day deadline because counting from August 1, 2003 and excluding the weekend days of excluded August 2, 3, 9, and 10, her deadline to file was on August 14, 2003.

       First, Ms. Hardnett was wrong to calculate her deadline beginning with August 1, 2003. She ignores the fact that defendant NTEU filed its motion to dismiss electronically on July 25, 2003. According to Local Civil Rule 5.4(d)(1), "[e]lectronic filing of any document operates to effect service of the document on counsel or pro se parties who have obtained CM/ECF passwords." Plaintiff's counsel has an CM/ECF password, as is evidenced by the fact that she

filed the initial complaint and plaintiff's subsequent filings electronically and by the fact that all attorneys are required under Local Civil Rule 5.4(b)(1) to obtain such a password.  Furthermore, "[a]n attorney or pro se party who obtains a CM/ECF password consents to electronic service of all documents, subsequent to the original complaint . . . Such counsel and pro se parties are responsible for monitoring their e-mail accounts, and, upon receipt of notice of an electronic filing, for retrieving the noticed filing."  LCvR 5.4(b)(6).  The electronic receipt from the NTEU filing on July 25, 2003 shows that a copy of it was sent to plaintiff's counsel's e-mail address.  Plaintiff's counsel obliquely acknowledges the fact of the electronic filing in her August 14, 2003 motion for enlargement of time by offhandedly remarking that she "does not know how the rules apply to email filings and what constitutes service."  Ms. Hardnett would know how the rules apply to e-mail filings and what constitutes service if she had read the Local Rules.

      As to the second assertion, that she could calculate the 11 day deadline excluding the intervening weekends, plaintiff's counsel is simply incorrect.  The 11 day deadline under Local Civil Rule 7(b) does not exclude Saturdays, Sundays and holidays.  Rule 6(a) of the Federal Rules of Civil Procedure governs the computation of deadlines.  Under Rule 6(a), Saturdays, Sundays, and legal holidays are *included* in the computations of the period of time allowed *except* where that period of time "is *less* than 11 days."  (emphasis added).[1]   11 days is

---

[1] In support of her motion for an enlargement of time, plaintiff's counsel asserted that the 11 day deadline period should be computed excluding Saturdays, Sundays, and holidays, first by misstating the language of Rule 6(a): "If the period which [sic] to act is 11 days or less, the intermediate Saturdays, Sundays, and legal holidays are not counted for any purposes. FRC 6(a) [sic]."

Ms. Hardnett followed this incorrect statement with citations to two cases that purportedly supported her position, North Alamo Water Supply Corp. v. City of San Juan, 90 F.3d 910, 918 (5th Cir. 1996) and IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993).  In fact, neither of these cases supports her position, just as the plain language of

not less than 11 days.  The 11 day deadline was August 5, 2003.  Adding three days to the deadline under Rule 6(e), the final deadline for plaintiff's opposition was August 8, 2003.  Therefore, Plaintiff's response to NTEU's motion to dismiss was overdue.

Under circumstances in which a motion for enlargement is filed late, the Court may grant it where "the failure to act was the result of excusable neglect."  Fed. R. Civ. P. 6(b).  In this instance, the Court exercised its discretion and granted plaintiff's counsel's late-filed motion for enlargement of time.[2]

2.	On September 12, 2003, defendant DOE filed a partial motion to dismiss.  Over the course of the next year plaintiff neither responded to this motion nor requested an enlargement of time within which to respond.  Accordingly, the Court treated the motion as conceded and granted it on September 30, 2004.

3.	On October 22, 2003, defendant NTEU filed a motion for sanctions against plaintiff's counsel.  Plaintiff's opposition or request for an enlargement of time to file that opposition was therefore due on November 5, 2003.  See  LCvR 7(b); Fed. R. Civ. P. 6(b), 6(e).  Plaintiff's counsel filed a motion for an enlargement of time three days after her deadline had passed, on November 8, 2003.  The Court granted the late-filed motion and extended plaintiff's deadline to November 18, 2003.

---

the Rule does not.  In each of the cited cases, the deadline in question was a 10 day, *not* an 11 day deadline.  The courts rightly excluded Saturdays, Sundays, and legal holidays in accordance with Rule 6(a) when calculating these deadlines since 10 days is "less than 11 days."

Under the best case scenario, Ms. Hardnett's misrepresentations of the Rules and law governing this area were a mistake that indicate a serious lack of understanding and/or sloppy research.

[2]	On September 30, 2004, the Court granted defendant NTEU's motion to dismiss and dismissed all of plaintiff's claims with respect to the NTEU.

Plaintiff filed nothing between November 8, 2003 and February 19, 2004.  On February 19, 2004, the Court issued an order directing plaintiff to show cause on or before March 1, 2004 why the Court should not grant defendant NTEU's motion for sanctions.  On March 1, 2004, almost four months to the day after plaintiff's original deadline, plaintiff finally filed an opposition to defendant NTEU's motion for sanctions.

        4.        On December 7, 2004, defendant DOE moved for leave to file a second motion to dismiss and filed the proposed motion electronically.[3]  The Court granted it leave to late-file on December 13, 2004.  Again, under Local Civil Rule 7(b), plaintiff had 11 days to respond to this motion or request an enlargement of time, and because of Rule 6(b) of the Federal Rules of Civil Procedure, plaintiff's counsel had three days beyond the 11 day deadline.  December 27, 2004 came and went.  On January 13, 2005, plaintiff's counsel filed a motion for an enlargement of time, citing the Christmas holidays and difficulties with her office space and accessing the internet for her late filing.  Defendant DOE graciously consented to the motion, and it was granted.  Plaintiff was given until January 18, 2005 to respond to defendant DOE's second motion to dismiss.

Incredibly, Ms. Hardnett did not respond.  Nor did she request an additional enlargement of time.  Plaintiff's counsel communicated nothing to this Court.  On January 25, 2005, the Court granted defendant DOE's motion to dismiss and dismissed plaintiff's complaint in its entirety.  On January 26, 2005, the day after her client's case had been dismissed, plaintiff's counsel filed a motion for reconsideration and her long overdue opposition to defendant DOE's second motion to dismiss.  Plaintiff's counsel stated in her motion for reconsideration that she

---

[3]    The defendant needed leave to file the motion to dismiss because it had not met the November 30, 2004 deadline set by the Court in its October 27, 2004 order.

and her daughter had been sick and that because she, "is a solo practitioner . . . [she] does not have the ability to delegate responsibility of drafting and filing motions to another individual." January 26, 2005 Motion for Reconsideration at ¶ 6(a).

After plaintiff's motion for reconsideration was fully briefed, the Court granted it on August 9, 2005.  In the Memorandum Opinion issued on that date, the Court noted that "plaintiff has a history of untimely filing in this case."  Furthermore, the Court cautioned plaintiff in the first paragraph of the Opinion that "any further failure to meet this Court's deadlines will result in dismissal of this case with prejudice."  August 9, 2005 Memorandum Opinion at 1.

5. On August 24, 2005, defendant DOE (at this time, the only remaining defendant) filed a motion to dismiss for failure to state a claim.  Plaintiff's opposition was due on September 9, 2005.[4]  On September 8, 2005, the Court issued an order staying discovery pending the disposition of defendant's motion to dismiss and ordering (in effect reminding) plaintiff to file an opposition on or before September 9, 2005. Plaintiff did not file anything or communicate with the Court in any way by September 9, 2005.

On September 14, 2005, the Court directed plaintiff to show cause on or before September 28, 2005 why the Court should not grant defendant's motion to dismiss.  On the same day, defendant DOE filed a motion to dismiss for failure to prosecute or, in the alternative, to treat its August 24, 2005 motion to dismiss as conceded.

In an oral communication to the Court on or about September 27, 2005, plaintiff's

---

[4] Under Local Civil Rule 7(b), counting 11 days forward, the deadline fell on September 4, 2005, which was a Sunday.  September 5, 2005 was Labor Day.  Therefore the filing deadline under the Local Rule became the next business day which was Tuesday, September 6, 2005.  Adding three days under Rule 6(e) of the Federal Rules of Civil Procedure, the final deadline was Friday, September 9, 2005.

counsel informed the Court that she had been occupied relocating relatives displaced by Hurricane Katrina.  Ms. Hardnett was informed by a message to her cell phone that she needed to make a written or electronic filing to that effect.  As of November 18, 2005, the Court has had no further communications from plaintiff's counsel, written, electronic, or oral.  No motions or notices have been filed.  No opposition has been filed.  Not even a follow up telephone call has been made.

Plaintiff's counsel is a member of the Maryland bar and is admitted to practice in this Court by virtue of this Court's  reciprocity agreement with the United States District Court for the District of Maryland.  As a member of the Maryland bar, Ms. Hardnett must abide by the Maryland Lawyers' Rules of Professional Conduct ("MRPC"). She has failed to abide by these Rules.  First,  Rule 1.3 of the Maryland bar's Rules of Professional Conduct covers the duty of diligence and states: "A lawyer shall act with reasonable diligence and promptness in representing a client."  The Comment Section to Rule 1.3 explains the Rule further.  The second comment to Rule 1.3 states that "[a] lawyer's workload must be controlled so that each matter can be handled competently."  See also Rule 1.1 Competence ("A lawyer shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.").  Ms. Hardnett's continual failures to meet her deadlines and excuses that she is a solo practitioner indicate that she has failed to control her workload, as a solo practitioner, in such a way that she can perform the duty of diligence she owes to her client in this case (and perhaps others).

The next comment to Rule 1.3 further illuminates why diligence is such an important duty of an attorney: "Perhaps no professional shortcoming is more widely resented than procrastination.  A client's interest often can be adversely affected by the passage of time or

the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed . . . " In this instance, Ms. Hardnett's procrastination, and failure to respond in a timely fashion to either the opposing party's motions or this Court's orders has, indeed, destroyed her client's case insofar as it will now be dismissed, for the second time, for failure to prosecute.

Finally, Comment 5 to Rule 1.3 discusses exactly the circumstances of Ms. Hardnett's practice - the unique circumstances of the solo practitioner, who cannot rely on a partner or firm to assist her in her work - stating in part that "[t]o prevent neglect of client matters in the event of a sole practitioner's death or disability, the duty of diligence may require that each sole practitioner prepare a plan, in conformity with applicable rules, that designates another competent lawyer to review client files, notify each client of the lawyer's death or disability, and determine whether there is a need for immediate protective action." Ms. Hardnett's repeated disabilities - ranging from illness to circumstances relating to Hurricane Katrina - caused her to neglect her client's case. She should have designated another lawyer, and a competent one, as well as formulated a plan to deal with these contingencies. She did not. She has failed utterly in her duty of diligence to her client on every possible level.

Under Local Civil Rule 83.23, the Court may dismiss a claim for failure to prosecute upon the motion of an adverse party or upon its own motion. In addition, the Court may dismiss the claim with prejudice where, "the court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party." LCvR 83.23. In this instance, the Court finds that the delay in prosecution of this claim has resulted in prejudice to the opposing party. Because of Ms. Hardnett's continued failures to meet deadlines, resulting in a prior dismissal for failure to prosecute, defendant Department of Energy has experienced delays of up

to two years from the filing of the complaint in May 30, 2003, during which time discovery has not yet begun, motions have remained pending awaiting plaintiff's replies, and, at the moment, a motion to dismiss filed in August 2005 awaits a reply, unopposed by the plaintiff. To allow Ms. Hardnett to continue to delay, procrastinate, and ignore the Court's deadlines in this fashion would be unfair to the defendant and continue to prejudice its ability to conduct discovery and otherwise defend this case in future. Therefore, this case warrants dismissal with prejudice under Local Civil Rule 83.23.

For two years, plaintiff's counsel has offered many excuses, had many reasons, and given countless justifications for why she does not meet deadlines. Implicit in every one of these explanations and explicitly given as an explanation in the January 26, 2005 motion for reconsideration is Ms. Hardnett's claimed inability, as a solo practitioner, to delegate responsibilities to others when she is struck by uncontrollable misfortunes involving illness, weather, and computer malfunction.[5] This excuse is simply not acceptable. Many solo practitioners meet their deadlines regularly or have created relationships with other attorneys to ensure that in case of an emergency, their clients' needs will be met and their rights will be protected. Ms. Hardnett has exercised none of the care that an attorney should under these circumstances and her neglect is no longer excusable. Plaintiff's counsel will not waste the Court's time or try its patience any longer.

---

[5] In the case of the claimed computer problems that did not permit her to access the internet from her office, Ms. Hardnett had the option of going to another location with operational internet access, which would include such widely available resources as an internet café or a public library.

An order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 18, 2005

cc: Ellis Maupin